SCRIPTO MFG. CO. v. ALLEN, Collector
of Internal Revenue.

Civ. A. No. 356.

District Court, M. D. Georgia,
Macon Division.

Feb. 12, 1946.

Smith, Kilpatrick, Cody, Rogers & McClatchey, of Atlanta, Ga. (M. E. Kilpatrick, of Atlanta, of counsel), for plaintiff.

Jno. P. Cowart, U. S. Atty., of Macon, Ga., and Mills Kitchin, Sp. Asst. to Atty. Gen., for defendant.

DAVIS, District Judge.

The above-entitled case having been tried without a jury upon an agreed statement of facts, the Court, after hearing argument of counsel, makes the following Findings of Fact, Conclusions of Law, and Judgment:

### Findings of Fact

1. Scripto Manufacturing Company, hereinafter referred to as Scripto, is a Georgia corporation which was incorporated on the 10th day of May, 1923.

2. On December 31, 1935, due entirely to operating losses sustained by Scripto, there was an impairment in the capital of Scripto in the amount of $235,488.72 and on that date the liabilities of Scripto exceeded its assets (both per books and on a basis of value) by said sum.

3. On December 31, 1936, the capital of Scripto was impaired in the amount of $173,669.31, and on that date the liabilities of Scripto exceeded its assets (both per books and on a basis of value) by said sum.

4. On December 31, 1937, the capital of Scripto was impaired in the amount of $151,571.26, and on that date the liabilities of Scripto exceeded its assets (both per books and on a basis of value) by said sum.

5. During the year 1936, Scripto had net income, before Federal income taxes, in the amount of $77,989.16; and during the year 1937, Scripto had net income, before Federal income taxes, in the amount of $27,994.33.

6. After giving consideration to the net income of Scripto during 1936 and 1937, there remained at all times an impairment and deficit in its capital, and at all times during the years 1936 and 1937 the liabilities of Scripto exceeded its assets (both per books and on a basis of value).

7. While Scripto had net income for each of the years 1936 and 1937 in the amounts set out in paragraph 5 above, the amounts of such net income were insufficient to restore and eliminate the said deficits and impairments in its capital, and at all times during 1936 and 1937 the capital of Scripto was impaired in the amounts set out above.

8. Scripto had no surplus at any time during the years 1936 and 1937.

9. In 1936 and 1937, Scripto did not declare any dividends or distribute to its stockholders any of the earnings it derived from its operations during 1936 and 1937.

10. In its income tax returns filed for the years 1936 and 1937, Scripto claimed a dividends paid credit to the extent of its net income for said years, and did not pay any surtax on undistributed profits. On September 27, 1939, the Commissioner of Internal Revenue issued a 90-day letter against Scripto in which the dividends paid credits claimed for the years 1936 and 1937 were disallowed, and proposed surtax on undistributed profits deficiencies in the amounts of $13,827.41 and $4,560.89, for the years 1936 and 1937, respectively. On December 6, 1939, Scripto filed with the United States Board of Tax Appeals (now Tax Court of the United States) a petition (Docket No. 100777) for re-determination of the deficiencies proposed in said 90-day letter.

On April 18, 1941, the United States Board of Tax Appeals, pursuant to a written stipulation, entered a decision in said case determining deficiencies in income taxes against Scripto in the amount of $14,770.56 for 1936 and $5,290.52 for 1937. The deficiencies thus entered by decision of the United States Board of Tax Appeals included surtax on undistributed profits in the amounts of $13,827.41 for 1936 and $4,560.89 for 1937, as proposed in the 90-day letter of the Commissioner of Internal Revenue which resulted in the appeal to the United States Board of Tax Appeals.

11. Subsequent to said decision entered on April 18, 1941, deficiencies in income tax for the taxable years 1936 and 1937 in the respective amounts of $14,770.56 and $5,290.52 were assessed against Scripto. On May 6, 1941, Scripto paid to Marion H. Allen, as Collector of Internal Revenue for the District of Georgia, the said deficiencies and interest thereon, as follows: 1936, deficiency of $14,770.56, interest of $3,670.47; 1937, deficiency of $5,290.52, interest of $997.26. Of said amounts thus paid on May 6, 1941, $13,827.41 tax and $3,433.78 interest thereon for 1936, and $4,560.89 tax and $858.96 interest thereon for 1937 arose by reason of the disallowance of the dividends paid credit which Scripto claimed for the said years 1936 and 1937.

806

12. On October 18, 1943, Scripto filed with the defendant claims for refund of income taxes (surtax on undistributed profits) in the amounts of $13,827.41 (and interest paid thereon of $3,433.78) for 1936 and $4,560.89 (and interest paid thereon of $858.96) for 1937, which claims for refund were based upon Section 501 of the Revenue Act of 1942, 26 U.S.C.A. Int.Rev. Acts.

### Conclusions of Law

■ 1. The Court has jurisdiction of the parties and the subject matter.

■ 2. Under the provisions of the Georgia law in force during the years 1936 and 1937 (Code Sections 22-713 and 22-9901), plaintiff, after giving effect to its net income for said years, had a deficit in its capital at all times throughout said years and had no accumulated earnings or profits at any time during said two years. It was, therefore, prohibited under the said Georgia law from paying any dividends whatsoever during said years.

3. Plaintiff, under the provisions of Section 501 of the Revenue Act of 1942, is, therefore, entitled in determining its undistributed profits subject to surtax for the years 1936 and 1937 to a credit to the extent of its net income for each of said years. Applying such credit, there were no undistributed profits in either said years, and, therefore, no surtax due for either of said years.

■ 4. Plaintiff, having on May 6, 1941, paid a surtax of $13,827.41 (and interest thereon of $3,433.78) for 1936, and a surtax of $4,560.89 (and interest thereon of $858.96) for 1937, as a result of a decision of the United States Board of Tax Appeals denying to plaintiff such credit for said years has overpaid its Federal income taxes for said years in the total amount of $22,681.04 (representing $13,827.41 plus interest of $3,433.78 paid for 1936, and $4,-560.89 plus interest of $858.96 paid for 1937).

5. The plaintiff is, therefore, under Section 501 of the Revenue Act of 1942, entitled to a refund of income taxes in the principal amount of $13,827.41 and interest paid thereon of $3,433.78 for the year 1936; $4,560.89 tax and interest paid thereon of $858.96 for the year 1937, together with interest on said amounts at the rate of 6% from May 6, 1941, to date, together with future interest thereon at the rate of 6%, together with the costs of this proceeding.

### Judgment

Whereupon, judgment is hereby rendered in favor of the plaintiff and against the defendant in the sum of $22,681.04 principal, together with interest at 6% from May 6, 1941 on said principal sum, and costs of this proceeding.