### JEFFERSON MILLS, Inc. v. ALLEN.
### Civ. No. 758.

United States District Court,
M. D. Georgia, Macon Division.

Jan. 30, 1952.

Smith, Kilpatrick, Cody, Rogers & McClatchey, Atlanta, Ga., M. E. Kilpatrick, Atlanta, Ga., of counsel, for plaintiff.

John P. Cowart, U. S. Atty., T. Reese Watkins, Asst. U. S. Atty., Macon, Ga., Lyle Turner, Sp. Asst. to Atty. Gen., for defendant.

DAVIS, Chief Judge.

The above captioned case having been presented to the Court without the intervention of a jury, upon the pleadings and agreed stipulation of facts, the Court does hereby make the following findings of fact and conclusions of law:

Findings of Fact.

1.

The plaintiff is a corporation organized under the laws of Georgia on September 1, 1916 and its charter was renewed for a period of twenty years from September 1, 1936. It operated on a fiscal year basis ending September 30 of each year.

2.

On September 30, 1935, the capital of said company was impaired in the amount of $159,740.84, and on that date its liabilities exceeded its assets (both per books and on a basis of value) by said amount.

3.

On September 30, 1936, the capital of said company was impaired in the amount of $131,716.45, and on that date its liabilities exceeded its assets (both per books and on a basis of value) by said amount.

4.

On September 33, 1937, the capital of said company was impaired in the amount of

$103,483.45, and on that date its liabilities exceeded its assets (both per books and on a basis of value) by said amount.

5.

During its fiscal year which ended September 30, 1937 said company had a net income of $28,233, after deducting from its net income the amount of normal corporation tax.

6.

After giving consideration to the said net income for the said year, there remained at all times during the company's fiscal year which ended September 33, 1937 a deficit in its capital, and at all times during said year the liabilities of said company (both per books and on a basis of value) exceeded its assets.

7.

While said company had a net income for its fiscal year which ended September 30, 1937 in the amount set out in paragraph 5 above, the amount of such net income was insufficient to restore and eliminate the said deficit and impairment in its capital, with the result that at all times during its fiscal year which ended September 30, 1937, the capital of said company was impaired.

8.

Said company had no earned surplus at any time during its fiscal year which ended September 30, 1937.

9.

During its fiscal year which ended September 30, 1937 said company did not declare or pay any dividends, nor make any distributions to its stockholders.

10.

That by written contract between said company and the Bank of the Manhattan Company executed in September, 1934, incident to extension of credit through loans to said company by said bank, said plaintiff company agreed that while it was utilizing such credit, it would pay no dividends.

11.

The said contract remained in full force and effect during the fiscal year of plaintiff company which ended September 30, 1937, and plaintiff company availed itself of the credit throughout said year.

12.

In its income tax return filed for its fiscal year ended September 30, 1937, plaintiff company claimed a dividends paid credit to the extent of its net income for the said year, and did not pay any surtax on undistributed profits.

13.

That upon audit of the said return by the Bureau of Internal Revenue, the Commissioner of Internal Revenue assessed against the company an alleged surtax on undistributed net income for the said year in the amount of $8,181.39.

14.

The company paid to the defendant Collector the said surtax thus assessed plus interest thereon, as follows:

$977.44 on each of the following dates:

April 19, 1941
May 19, 1941
June 24, 1941
July 19, 1941
August 20, 1941
September 20, 1941
October 20, 1941
November 20, 1941
December 18, 1941

and $977.63 on January 19, 1952.

Of the amounts thus paid, $8,181.39 represented the said tax assessed and $1,593.-20 represented interest thereon.

15.

Subsequently, on April 10, 1943, the plaintiff company filed with the defendant a claim for refund of the tax and interest thereon paid as set forth in the preceding paragraph of these findings, said claim being filed within one year from the date of enactment of the Revenue Act of 1942, 56 Stat. 798.

16.

The Office of the Internal Revenue Agent in Charge, Atlanta, Georgia, of the Bureau of Internal Revenue, audited the said claim for refund, reached the conclusion that the company was entitled to a refund of the

full said tax and interest thereon, and the plaintiff company at the request of said Agent's office executed a treasury form agreeing to the refund of the said tax and interest. However, irrespective of this action by the Bureau of Internal Revenue in approving the claim for refund, the said undistributed profits tax and interest thereon thus collected has never been refunded to the plaintiff company.

### Conclusions of Law.

1.

The court has jurisdiction of the parties and of the subject matter.

2.

■ Under the provisions of the Georgia law in force during the fiscal year involved in this suit, the plaintiff company, after giving effect to its net income for said year, had a deficit in its capital at all times during said year and had no accumulated earnings or profits at any time during said year. It was, therefore, prohibited by Georgia law, Code Sections 22–713 and 22–9901, from paying any dividends whatsoever during said year. Plaintiff company, under the provisions of Section 501 of the Revenue Act of 1942, 26 U.S.C.A. Int.Rev. Acts, page 344, is therefore entitled in determining its undistributed profits subject to surtax for the fiscal year ended September 30, 1937, to a credit to the extent of its entire net income for said year. Applying such credit, the plaintiff company had no undistributed profits in said year, and therefore, no surtax was due by it for said year.

The decision by this Court in Scripto Manufacturing Co. v. Allen, 64 F.Supp. 804, involving a Georgia corporation similarly situated, is here controlling.

3.

■ Throughout the said fiscal year which ended September 30, 1937, the plaintiff company could not have distributed any dividends without violating the provisions of its written contract with the Bank of the Manhattan Company, which said contract dealt expressly with the payment of dividends. Therefore, as a result of said contractual provision, the plaintiff company

was entitled to a credit to the extent of its entire net income for said fiscal year. Applying such credit, the plaintiff company had no undistributed profits in the said fiscal year ending September 30, 1937, and, therefore, no surtax was due by it for said year.

4.

Plaintiff company having upon the dates set forth in the foregoing findings of fact paid the tax and interest thereon assessed against it by the Commissioner of Internal Revenue, and having filed a timely claim for refund of the amounts thus paid, is entitled to a refund of the said tax and interest thereon thus illegally assessed against it and collected from it, namely, $9,774.59, together with statutory interest thereon from the respective dates of payment set forth in the findings of fact herein, together with the costs of this proceeding.

### Judgment.

Whereupon, judgment is hereby rendered in favor of the plaintiff and against the defendant in the amount of $9,774.59 principal, together with statutory interest from the respective dates of payment set forth in paragraph 14 of the findings of fact herein, and costs herein.